IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RYAN JARRED STANFORD,

      Plaintiff,

vs.

HUGH SMITH and
WENDELL FOWLER,

      Defendants.

CIVIL ACTION NO.: CV605-098

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss, and Plaintiff has responded. For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Smith and Fowler have harassed him by authorizing a memorandum stating that a "no pork" tray will be the same as the tray other inmates receive except without pork. Defendants assert that, even if Plaintiff is alleging that he has not received a satisfactory meal, he has failed to state a claim upon which relief may be granted. Defendants aver that Plaintiff lacks standing and that he has not shown a constitutional injury.

AO 72A
(Rev. 8/82)

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants assert that Plaintiff does not allege a specific incident when they refused to give Plaintiff a substitute for pork to his liking as opposed to a tray similar to that other

AO 72A
(Rev. 8/82)

inmates receive who eat pork except without the pork. Defendants allege that Plaintiff's suit should be dismissed for lack of standing. Defendants also allege that Plaintiff cannot show a causal connection between any of their actions and a deprivation of his constitutional rights. Defendants further allege that Plaintiff cannot show that he suffered any physical injury, as required by 42 U.S.C. § 1997e(e). Finally, Defendants allege that they are entitled to qualified immunity. Plaintiff contends that he can provide concrete evidence that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement, including adequate food. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994). "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. at 1319-20 (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979).

Like any deliberate indifference claim, a prisoner must satisfy both an objective and a subjective inquiry. Chandler, 379 F.3d at 1289-90. Under the objective component, a

3

prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed.2d 156 (1992). "Specifically, a prisoner must prove a serious medical need or the denial of the minimal civilized measure of life's necessities." Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004). As for the subjective component, "the prisoner must prove that the prison official acted with '"deliberate indifference."'" Id. (quoting Farmer, 511 U.S. at 837, 114 S. Ct. at 1979). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition or serious medical need in issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

Plaintiff fails to state a claim that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff does not allege that he was not given an adequate diet or that he suffers from a medical condition which requires that he receive a pork substitute in his diet. In other words, Plaintiff has produced no evidence that he suffered (or continues to suffer) a substantial risk of harm due to Defendants' authorization of the memorandum concerning "no pork" trays, nor has Plaintiff produced evidence that Defendants were deliberately indifferent to any substantial risk of harm. See Purcell, 400 F.3d at 1319. Plaintiff has produced no evidence sufficient to overcome Defendants' Motion to Dismiss.

It is unnecessary to address the remaining grounds of Defendants' Motion.

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss (Doc. No. 10) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE